| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____   Chapter   **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **HFS Sub, LLC** |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **93-4618177** |
| 4. | **Debtor's address** | **Principal place of business**  **3333 Finley Road**  **Suite 800**  **Downers Grove, IL 60515**  Number, Street, City, State & ZIP Code    **DuPage**  County | **Mailing address, if different from principal place of business**  _____  P.O. Box, Number, Street, City, State & ZIP Code    **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.hearthsidefoods.com** |
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Debtor  **HFS Sub, LLC**　　　　　　　　　　　　　Case number (*if known*)　_____
　　　　　Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

　　**3119**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☑ No.
- ☐ Yes.

District _____　When _____　Case number _____
District _____　When _____　Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☑ Yes

List all cases. If more than 1, attach a separate list

Debtor　**SEE ATTACHED RIDER**　　　　　Relationship _____
District _____　When _____　Case number, if known _____

Official Form 201　　**Voluntary Petition for Non-Individuals Filing for Bankruptcy**　　page 2

Debtor **HFS Sub, LLC**  
Name

Case number (*if known*)

### 11. Why is the case filed in *this district*?

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

### 12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

- [ ] No
- [ ] Yes. Insurance agency _____
  Contact name _____
  Phone _____

## Statistical and administrative information

### 13. Debtor's estimation of available funds

*Check one:*

- [x] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

### 14. Estimated number of creditors (on a consolidated basis)

- [ ] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5001-10,000
- [ ] 10,001-25,000
- [x] 25,001-50,000
- [ ] 50,001-100,000
- [ ] More than 100,000

### 15. Estimated Assets (on a consolidated basis)

- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [x] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

### 16. Estimated liabilities (on a consolidated basis)

- [ ] $0 - $50,000
- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [ ] $1,000,001 - $10 million
- [ ] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $500,000,001 - $1 billion
- [x] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

Debtor **HFS Sub, LLC**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/22/2024
MM / DD / YYYY

X  /s/ Robert M. Caruso
Signature of authorized representative of debtor

**Robert M. Caruso**
Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

X  /s/ John F. Higgins
Signature of attorney for debtor

Date  11/22/2024
MM / DD / YYYY

**John F. Higgins**
Printed name

**Porter Hedges LLP**
Firm name

**1000 Main Street, 36th Floor**
**Houston, TX  77002**
Number, Street, City, State & ZIP Code

Contact phone  **713-226-6000**   Email address  **jhiggins@porterhedges.com**

**09597500 TX**
Bar number and State

Official Form 201   **Voluntary Petition for Non-Individuals Filing for Bankruptcy**   page 4

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of H-Food Holdings, LLC.

- HFS Sub, LLC
- H-Food Holdings, LLC
- Hearthside Food Solutions, LLC
- Peacock Engineering Company II, LLC
- HFS Matterhorn Topco, Inc.
- Matterhorn Parent, LLC
- Matterhorn Intermediate, LLC
- Matterhorn Buyer, LLC
- Hearthside USA - Corporate, Inc.
- Hearthside Holdco, LLC
- Hearthside Finance Company, Inc.
- Interbake Foods, LLC
- Ryt-way Midco, LLC
- Hearthside USA, LLC
- Hearthside USA - CPG Partners, LLC
- Oak State Products, LLC
- Standard Functional Foods Group, LLC
- Quality Bakery Products, LLC
- Toll Packaging Services LLC
- Ryt-way Industries, LLC
- Matterhorn Sub, LLC
- Peacock Foods LLC
- Hearthside USA - Produce & Foodservice, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>   HFS Sub, LLC,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 24-[_____] ([___]) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|:---:|
| Ryt-way Midco, LLC | 100% |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>    HFS Sub, LLC,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 24-[_____] ([___]) |

## LIST OF EQUITY HOLDERS

The following is a list of debtor HFS Sub, LLC's significant equity holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Ryt-way Midco, LLC | 3333 Finley Rd, Suite 800<br>Downers Grove, IL 60515 | 100% |

**Fill in this information to identify the case:**
Debtor name: H-Food Holdings, LLC
United States Bankruptcy Court for the Southern District of Texas
Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | US BANK NATIONAL ASSOCIATION<br>ATTN: JAMES L. CHOSY, GENERAL COUNSEL<br>800 NICOLLET MALL<br>MINNEAPOLIS, MN 55402 | US BANK NATIONAL ASSOCIATION<br>ATTN: JAMES L. CHOSY, GENERAL COUNSEL<br>PHONE: 612-659-2000<br>FAX: 877-903-6972<br>EMAIL: JAMES.CHOSY@USBANK.COM | 8.500% UNSECURED NOTES DUE JUNE 2026 | | | | $364,875,000.00 |
| 2 | MONDELEZ GLOBAL LLC<br>ATTN: ED MORRIN, DIRECTOR BUSINESS DEVELOPMENT<br>905 WEST FULTON MARKET<br>SUITE 200<br>CHICAGO, IL 60607 | MONDELEZ GLOBAL LLC<br>ATTN: ED MORRIN, DIRECTOR BUSINESS DEVELOPMENT<br>PHONE: 1-847-943-5454<br>FAX:<br>EMAIL: ED.MORRIN@MDLZ.COM | TRADE PAYABLE | | | | $15,276,396.43 |
| 3 | KRAFT HEINZ FOODS COMPANY<br>ATTN: ANDRE MACIEL, CHIEF FINANCIAL OFFICER<br>200 E RANDOLPH ST<br>SUITE 7600<br>CHICAGO, IL 60601 | KRAFT HEINZ FOODS COMPANY<br>ATTN: ANDRE MACIEL, CHIEF FINANCIAL OFFICER<br>PHONE: 1-800-543-5335<br>FAX: 847-646-7853; 416-441-5328<br>EMAIL: ANDRE.MACIEL@KRAFTHEINZCOMPANY.COM | TRADE PAYABLE / CUSTOMER REBATE | UNLIQUIDATED | | | $3,640,527.51 + UNDETERMINED |
| 4 | PEPSICO<br>ATTN: STEVEN WILLIAMS, CHIEF EXECUTIVE OFFICER<br>700 ANDERSON HILL ROAD<br>PURCHASE, NY 10577 | PEPSICO<br>ATTN: STEVEN WILLIAMS, CHIEF EXECUTIVE OFFICER<br>PHONE: 1-800-433-2652<br>FAX: 914-253-3051<br>EMAIL: STEVEN.WILLIAMS@PEPSICO.COM | TRADE PAYABLE / CUSTOMER REBATE | UNLIQUIDATED | | | $3,471,717.71 + UNDETERMINED |
| 5 | NATIONAL SUGAR MARKETING LLC<br>ATTN: CHRIS SIMONS, CHIEF EXECUTIVE OFFICER<br>100 GALLERIA PKWY<br>SUITE 1400<br>ATLANTA, GA 30339 | NATIONAL SUGAR MARKETING LLC<br>ATTN: CHRIS SIMONS, CHIEF EXECUTIVE OFFICER<br>PHONE: 678-741-8275<br>FAX:<br>EMAIL: CSIMONS@NATSUGAR.COM | TRADE PAYABLE | | | | $2,852,815.75 |
| 6 | CARGILL, INCORPORATED<br>ATTN: BRIAN SIKES, CHIEF EXECUTIVE OFFICER<br>300 W 1ST ST N<br>WICHITA, KS 67202 | CARGILL, INCORPORATED<br>ATTN: BRIAN SIKES, CHIEF EXECUTIVE OFFICER<br>PHONE: 952-742-7575<br>FAX: 952-404-6037<br>EMAIL: BRIAN_SIKES@CARGILL.COM | TRADE PAYABLE | | | | $2,824,321.69 |
| 7 | WESTROCK COMPANY<br>ATTN: DAVID SEWELL, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>1000 ABERNATHY ROAD NE<br>ATLANTA, GA 30328 | WESTROCK COMPANY<br>ATTN: DAVID SEWELL, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 770-448-2193<br>FAX: 678-291-7903<br>EMAIL: DAVID.SEWELL@WESTROCK.COM | TRADE PAYABLE | | | | $2,255,704.49 |
| 8 | AMCOR FLEXIBLES NORTH AMERICA INC<br>ATTN: PETER KONIECZNY, CHIEF EXECUTIVE OFFICER<br>2200 BADGER AVE<br>OSHKOSH, WI 54904 | AMCOR FLEXIBLES NORTH AMERICA INC<br>ATTN: PETER KONIECZNY, CHIEF EXECUTIVE OFFICER<br>PHONE: 800-544-4672<br>FAX: 224-313-7049<br>EMAIL: PETER.KONIECZNY@AMCOR.COM | TRADE PAYABLE | | | | $2,207,897.44 |
| 9 | MICROSOFT CORPORATION<br>ATTN: SATYA NADELLA, CHIEF EXECUTIVE OFFICER<br>ONE MICROSOFT WAY<br>REDMOND, WA 98052 | MICROSOFT CORPORATION<br>ATTN: SATYA NADELLA, CHIEF EXECUTIVE OFFICER<br>PHONE: 888-725-1047<br>FAX: 1-425-708-7177<br>EMAIL: SATYA.NADELLA@MICROSOFT.COM | TRADE PAYABLE | | | | $1,812,218.13 |
| 10 | UBER FREIGHT US LLC<br>ATTN: LEIGH ROBINSON, CHIEF PEOPLE OFFICER<br>433 W VAN BUREN ST<br>CHICAGO, IL 60607 | UBER FREIGHT US LLC<br>ATTN: LEIGH ROBINSON, CHIEF PEOPLE OFFICER<br>PHONE: 844-822-8237<br>FAX:<br>EMAIL: LEIGH.ROBINSON@UBERFREIGHT.COM | TRADE PAYABLE | | | | $1,794,115.45 |
| 11 | SHORR PACKAGING CORPORATION<br>ATTN: ROB ONORATO, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>4000 FERRY ROAD<br>AURORA, IL 60502 | SHORR PACKAGING CORPORATION<br>ATTN: ROB ONORATO, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 888-885-0055<br>FAX:<br>EMAIL: ROBONORATO@SHORR.COM | TRADE PAYABLE | | | | $1,674,886.15 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 12 | BUNGE NORTH AMERICA  ATTN: JOHN NEPPL, CHIEF FINANCIAL OFFICER  1391 TIMBERLAKE MANOR PKWY  CHESTERFIELD, MO 63017 | BUNGE NORTH AMERICA  ATTN: JOHN NEPPL, CHIEF FINANCIAL OFFICER  PHONE: 1-314-292-2000  FAX:  EMAIL: JOHN.NEPPL@BUNGE.COM | TRADE PAYABLE | | | | $1,556,679.73 |
| 13 | ARDENT MILLS  ATTN: SHERYL WALLACE, PRESIDENT AND CHIEF EXECUTIVE OFFICER  1875 LAWRENCE STREET  SUITE 1200  DENVER, CO 80202 | ARDENT MILLS  ATTN: SHERYL WALLACE, PRESIDENT AND CHIEF EXECUTIVE OFFICER  PHONE: 800-851-9618  FAX:  EMAIL: SHERYL_WALLACE@CARGILL.COM | TRADE PAYABLE | | | | $1,480,648.85 |
| 14 | PACKAGING CORP. OF AMERICA  ATTN: PAMELA BARNES, SENIOR VICE PRESIDENT, FINANCE AND CONTROLLER  1 NORTH FIELD COURT  LAKE FOREST, IL 60045 | PACKAGING CORP. OF AMERICA  ATTN: PAMELA BARNES, SENIOR VICE PRESIDENT, FINANCE AND CONTROLLER  PHONE: 540-898-1500  FAX: 847-482-4545  EMAIL: PBARNES@FBURGSPCA.ORG | TRADE PAYABLE | | | | $1,303,193.95 |
| 15 | LACTALIS HERITAGE DAIRY, INC.  ATTN: PETER COTTER, CHIEF EXECUTIVE OFFICER  540 WEST MADISON STREET  CHICAGO, IL 60661 | LACTALIS HERITAGE DAIRY, INC.  ATTN: PETER COTTER, CHIEF EXECUTIVE OFFICER  PHONE: 312-934-2480  FAX:  EMAIL: DAMIAN@INCEPTIONSTRATEGIES.COM | TRADE PAYABLE | | | | $1,302,443.40 |
| 16 | KING MILLING COMPANY  ATTN: BRIAN DOYLE, PRESIDENT AND CHIEF EXECUTIVE OFFICER  222 WEST MAIN STREET  LOWELL, MI 49331 | KING MILLING COMPANY  ATTN: BRIAN DOYLE, PRESIDENT AND CHIEF EXECUTIVE OFFICER  PHONE: 616-897-9264  FAX:  EMAIL: BDOYLE@KINGFLOUR.COM | TRADE PAYABLE | | | | $1,247,513.51 |
| 17 | PAPERWORKS INDUSTRIES, INC.  ATTN: BRIAN JANKI, PRESIDENT AND CHIEF EXECUTIVE OFFICER  40 MONUMENT ROAD  SUITE 200  FORT WASHINGTON, PA 19004-1735 | PAPERWORKS INDUSTRIES, INC.  ATTN: BRIAN JANKI, PRESIDENT AND CHIEF EXECUTIVE OFFICER  PHONE: 215-984-7018  FAX: 215-984-7181  EMAIL: BRIAN.JANKI@ONEPAPERWORKS.COM | TRADE PAYABLE | | | | $1,116,150.58 |
| 18 | APPLIED PRODUCTS, INC.  ATTN: JOHN FERIANCEK, PRESIDENT AND CHIEF EXECUTIVE OFFICER  12000 PRODUCT DRIVE  MACHESNEY PARK, IL 61115 | APPLIED PRODUCTS, INC.  ATTN: JOHN FERIANCEK, PRESIDENT AND CHIEF EXECUTIVE OFFICER  PHONE: 815-633-3825  FAX:  EMAIL: JOHN.D.FERIANCEK@GMAIL.COM | TRADE PAYABLE | | | | $1,066,874.14 |
| 19 | BARRY CALLEBAUT U.S.A. LLC  ATTN: BEN DE SCHRYVER, PRESIDENT NORTH AMERICA  600 WEST CHICAGO AVENUE  SUITE 860  CHICAGO, IL 60654 | BARRY CALLEBAUT U.S.A. LLC  ATTN: BEN DE SCHRYVER, PRESIDENT NORTH AMERICA  PHONE: 1-312-496-7300; 1-866-443-0460  FAX:  EMAIL: BEN_DE_SCHRYVER@BARRY-CALLEBAUT.COM | TRADE PAYABLE | | | | $1,031,488.35 |
| 20 | SARA LEE FROZEN BAKERY LLC  ATTN: CRAIG BAHNER, CHIEF EXECUTIVE OFFICER  1 TOWER LN  SUITE 600  OAKBROOK TERRACE, IL 60181 | SARA LEE FROZEN BAKERY LLC  ATTN: CRAIG BAHNER, CHIEF EXECUTIVE OFFICER  PHONE: 1-800-323-7117  FAX:  EMAIL: CBAHNER@SARALEEFB.COM | TRADE PAYABLE | | | | $1,023,021.50 |
| 21 | GRAPHIC PACKAGING INTERNATIONAL INC  ATTN: MICHAEL DOSS, CHIEF EXECUTIVE OFFICER  1500 RIVEREDGE PARKWAY  SUITE 100  ATLANTA, GA 30328 | GRAPHIC PACKAGING INTERNATIONAL INC  ATTN: MICHAEL DOSS, CHIEF EXECUTIVE OFFICER  PHONE: 678-443-2990  FAX: 847-741-8529  EMAIL: DOSSM@GRAPHICPKG.COM | TRADE PAYABLE | | | | $996,122.52 |
| 22 | WSI - WORKFORCE STRATEGIES, INC  ATTN: JEFFREY O'BRIEN, PRESIDENT AND CHIEF EXECUTIVE OFFICER  1960 28TH ST SE  GRAND RAPIDS, MI 49508 | WSI - WORKFORCE STRATEGIES, INC  ATTN: JEFFREY O'BRIEN, PRESIDENT AND CHIEF EXECUTIVE OFFICER  PHONE: 269-209-2099  FAX:  EMAIL: JOBRIEN@WSITALENT.COM | TRADE PAYABLE | | | | $959,235.93 |
| 23 | SONOCO PRODUCTS COMPANY  ATTN: HOWARD COKER, PRESIDENT AND CHIEF EXECUTIVE OFFICER  1 NORTH 2ND ST.  HARTSVILLE, SC 29550 | SONOCO PRODUCTS COMPANY  ATTN: HOWARD COKER, PRESIDENT AND CHIEF EXECUTIVE OFFICER  PHONE: 1-800-377-2692  FAX:  EMAIL: HOWARD.COKER@SONOCO.COM | TRADE PAYABLE | | | | $871,853.18 |
| 24 | W. W. GRAINGER, INC.  ATTN: DONALD G MACPHERSON, CHIEF EXECUTIVE OFFICER  100 GRAINGER PARKWAY  LAKE FOREST, IL 60045 | W. W. GRAINGER, INC.  ATTN: DONALD G MACPHERSON, CHIEF EXECUTIVE OFFICER  PHONE: 800-677-6278  FAX:  EMAIL: DMACPHERSON@GRAINGER.COM | TRADE PAYABLE | | | | $870,030.77 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | KERRY INGREDIENTS NA<br>ATTN: OLIVER KELLY, PRESIDENT AND CEO<br>KERRY NORTH AMERICA<br>3400 MILLINGTON RD<br>BELOIT, WI 53511-9554 | KERRY INGREDIENTS NA<br>ATTN: OLIVER KELLY, PRESIDENT AND CEO KERRY NORTH AMERICA<br>PHONE: 608-363-1200<br>FAX:<br>EMAIL: OLIVER.KELLY@KERRY.COM | TRADE PAYABLE | | | | $841,828.68 |
| 26 | WYANDOT USA LLC<br>ATTN: CATHRYN CARTER, CHIEF FINANCIAL OFFICER<br>135 WYANDOT AVE<br>MARION, OH 43302 | WYANDOT USA LLC<br>ATTN: CATHRYN CARTER, CHIEF FINANCIAL OFFICER<br>PHONE: 740-383-4031<br>FAX: 740-382-0115<br>EMAIL: CARTER_C@WMHCI.ORG | TRADE PAYABLE | | | | $790,956.27 |
| 27 | MANPOWER<br>ATTN: JONAS PRISING , CHIEF EXECUTIVE OFFICER<br>100 MANPOWER PLACE<br>MILWAUKEE, WI 53212 | MANPOWER<br>ATTN: JONAS PRISING , CHIEF EXECUTIVE OFFICER<br>PHONE: 414-961-1000<br>FAX: 414-272-8500<br>EMAIL: JONAS.PRISING@MANPOWERGROUP.COM | TRADE PAYABLE | | | | $741,396.18 |
| 28 | TYSON FOODS INC.<br>ATTN: CURT CALAWAY, CHIEF FINANCIAL OFFICER<br>2200 W. DON TYSON PARKWAY<br>SPRINGDALE, AR 72762 | TYSON FOODS INC.<br>ATTN: CURT CALAWAY, CHIEF FINANCIAL OFFICER<br>PHONE: 1-800-643-3410; 479-290-4000<br>FAX:<br>EMAIL: CURT.CALAWAY@TYSON.COM | CUSTOMER REBATE | UNLIQUIDATED | | | UNDETERMINED |
| 29 | WK KELLOGG CO<br>ATTN: DAVE MCKINSTRAY, CHIEF FINANCIAL OFFICER<br>ONE KELLOGG SQUARE<br>BATTLE CREEK, MI 49017 | WK KELLOGG CO<br>ATTN: DAVE MCKINSTRAY, CHIEF FINANCIAL OFFICER<br>PHONE: 1-269-401-3000<br>FAX:<br>EMAIL: DAVE.MCKINSTRAY@WKKELLOGG.COM | CUSTOMER REBATE | UNLIQUIDATED | | | UNDETERMINED |
| 30 | GENERAL MILLS, INC<br>ATTN: JEFF HARMENING, CHIEF EXECUTIVE OFFICER<br>NUMBER ONE GENERAL MILLS BOULEVARD<br>MINNEAPOLIS, MN 55426 | GENERAL MILLS, INC<br>ATTN: JEFF HARMENING, CHIEF EXECUTIVE OFFICER<br>PHONE: 1-800-248-7310<br>FAX:<br>EMAIL: JEFF.HARMENING@GENERALMILLS.COM | CUSTOMER REBATE | UNLIQUIDATED | | | UNDETERMINED |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **HFS Sub, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration   **Corporate Ownership Statement; List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/22/2024         X  /s/ Robert M. Caruso
                                    Signature of individual signing on behalf of debtor

                                    **Robert M. Caruso**
                                    Printed name

                                    **Chief Restructuring Officer**
                                    Position or relationship to debtor

**OMNIBUS WRITTEN CONSENT
OF THE OFFICER SPECIAL COMMITTEES
IN LIEU OF A MEETING**

November 21, 2024

The undersigned being (a) each of the members of the officer special committees (the "Officer Special Committees") of (i) Matterhorn Buyer, LLC, a Delaware limited liability company ("Matterhorn Buyer"), (ii) H-Food Holdings, LLC, a Delaware limited liability company ("H-Food Holdings"), (iii) Hearthside USA-Corporate Inc., a Delaware corporation ("Hearthside USA-Corporate"), (iv) Hearthside Finance Company, Inc., a Delaware corporation ("Hearthside Finance"), (v) Hearthside Holdco, LLC, a Delaware limited liability company ("Hearthside Holdco"), (vi) Hearthside Food Solutions, LLC, a Delaware limited liability company ("Hearthside Food Solutions"), (vii) Ryt-way Midco, LLC, a Delaware limited liability company ("Ryt-way Midco"), (viii) Ryt-way Industries, LLC, a Delaware limited liability company ("Ryt-way Industries"), (ix) Quality Bakery Products, LLC, a Delaware limited liability company ("Quality Bakery Products"), (x) Toll Packaging Services, LLC, a Delaware limited liability company ("Toll Packaging Services"), (xi) Oak State Products, LLC, a Delaware limited liability company ("Oak State Products"), (xii) Standard Functional Foods Group, LLC, a Delaware limited liability company ("Standard Functional Foods"), (xiii) Hearthside USA, LLC, a Delaware limited liability company ("Hearthside USA"), (xiv) Hearthside USA – CPG Partners, LLC, a Delaware limited liability company ("Hearthside CPG"), (xv) Peacock Engineering Company II, LLC, a Delaware limited liability company ("Peacock Engineering"), (xvi) Peacock Foods, LLC, a Delaware limited liability company ("Peacock Foods"), (xvii) Hearthside USA – Produce & Foodservice, LLC, a Delaware limited liability company ("Hearthside Produce & Foodservice"), (xviii) Interbake Foods, LLC, a Delaware limited liability company ("Interbake"), (xix) Matterhorn Sub, LLC, a New Jersey limited liability company ("Matterhorn Sub"), and (xx) HFS Sub, LLC, a Texas limited liability company ("HFS Sub", together with Matterhorn Buyer, H-Food Holdings, Hearthside USA-Corporate, Hearthside Finance, Hearthside Holdco, Hearthside Food Solutions, Ryt-way Midco, Ryt-way Industries, Quality Bakery Products, Toll Packaging Services, Oak State Products, Standard Functional Foods, Hearthside USA, Hearthside CPG, Peacock Engineering, Peacock Foods, Hearthside Produce & Foodservice, Interbake and Matterhorn Sub, each, a "Company" and collectively, the "Companies"), do hereby consent in writing, pursuant to applicable law, to the taking of the following actions and the adoption of the following resolutions:

WHEREAS: the Officer Special Committees of the Companies have previously been delegated with the authority to authorize and cause one or more of the Companies to enter into one or more strategic and financial alternatives including without limitation, financing, restructuring, reorganization, or recapitalization transactions (each such transaction, a "Strategic Transaction"), which such delegation specifically included the authority to take the following actions (collectively, the "Delegated Authority"):

    (a)    consider, negotiate, approve, authorize, and/or cause the applicable Company to enter into, act upon and be bound with respect to one or more Strategic Transactions;

    (b)    evaluate and determine whether to file a case or cases under chapter 11 of title 11 of the United States Code (a "Filing" and together with a Strategic Transaction the "Restructuring Transactions"), cause one or more Filings, and/or cause the applicable Company to enter into one or more Restructuring Transactions;

  (c) review, negotiate, and approve any of the applicable Company's pleadings and documents in connection with Filing, including any plan of reorganization and disclosure statement; and

  (d) take such other actions relating to a Restructuring Transaction and any alternatives as the applicable Officer Special Committee deems necessary or desirable in its business judgment and in connection with the exercise of its authority pursuant to these resolutions or to discharge its duties or to carry out the mandate provided herein;

WHEREAS: pursuant to, and in accordance with, the Delegated Authority, each of the Officer Special Committees have reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the financial and liquidity situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS: the Officer Special Committees have had the opportunity to consult with management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies; and

WHEREAS: each Major Investor (as defined in the Stockholders Agreement, dated December 30, 2023, by and among HFS Matterhorn Topco Inc. ("Topco"), SnackTime Summit Holdings, Inc., a Delaware corporation, CB Metafora Aggregator, LLC, a Delaware limited liability company, and other stockholders of Topco, as amended from time to time (the "Stockholders Agreement")), the board of directors of Topco, and the sole/managing members of Matterhorn Parent, LLC ("Matterhorn Parent") and Matterhorn Intermediate, LLC ("Matterhorn Intermediate", together with Topco, Matterhorn Parent and the Companies, the "Group Companies") have separately and contemporaneously consented to the filing of chapter 11 petitions, entry into the restructuring support agreement (the "Restructuring Support Agreement") by and among others certain of the Group Companies, and to take actions to undertake the restructuring transactions set forth in the Restructuring Support Agreement, and in each case, entry into documents and taking of the various actions authorized in this written consent required to give effect thereto, as required pursuant to the Stockholders Agreement (including Section 4.07(a) thereof) and the governing documents of Matterhorn Parent and Matterhorn Intermediate.

NOW, THEREFORE, BE IT,

<u>Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code</u>

RESOLVED: that in the judgment of the Officer Special Committees, each Company shall be, and hereby is, authorized and directed to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States;

RESOLVED: that the members of the Officer Special Committees or any other duly appointed officer of the Companies authorized by the governing bodies of the Companies to act on behalf of the applicable Company (collectively, the "Authorized Signatories" and any one of them, an "Authorized Signatory"), acting alone or with one or more other Authorized Signatories

be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the Companies all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Companies; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

### Restructuring Support Agreement

RESOLVED: that the Companies shall be, and hereby are, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof;

RESOVLED: that each of the Authorized Signatories be, and hereby is, authorized and empowered to enter into, on behalf of the Companies, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Companies' rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Companies and to take all necessary actions in furtherance of consummation of such agreement's terms;

### Retention of Professionals

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP;

RESOLVED: that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Porter Hedges, LLP, as co-bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Porter Hedges, LLP;

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Evercore Group LLC as investment banker to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate

| | |
|---|---|
| | retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Evercore Group LLC; |
| RESOLVED: | that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as financial advisor to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Alvarez & Marsal North America, LLC; |
| RESOLVED: | that the Authorized Signatories be, and they hereby are authorized and directed to employ Kroll Restructuring Administration LLC as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration LLC; |
| RESOLVED: | that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; |
| RESOLVED: | that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case; |

<u>Consensual Use of Cash Collateral and Debtor-in-Possession Financing</u>

| | |
|---|---|
| RESOLVED: | the DIP Facility Backstop Commitment Letter, by and among H-Food Holdings and the commitment parties thereto (the "<u>Commitment Letter</u>") (including, without limitation, the fees payable thereunder), the transactions contemplated therein, be, and hereby are, authorized, adopted and approved on such terms substantially consistent with those presented to the Officer Special Committees on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies; |

RESOLVED:    the superpriority debtor-in-possession credit agreement (the "<u>DIP Credit Agreement</u>") among H-Food Holdings as borrower, Matterhorn Buyer as holdings, the guarantors party thereto, Wilmington Savings Fund Society, FSB as administrative and collateral agent, and the lenders from time to time parties thereto  on terms substantially consistent with the

4

|  |  |
|---|---|
|  | DIP term sheet attached to the Commitment Letter, the transactions and documents contemplated therein (including, without limitation, the borrowings thereunder), and the guaranties, liabilities, obligations, and guarantees, liens, security interests, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved on such terms substantially consistent with those presented to the Officer Special Committees on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies; |
| RESOLVED: | that, in the judgment of the Officer Special Committees, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement on terms substantially consistent with the DIP term sheet attached to the Commitment Letter, subject to appropriate modifications and final negotiations, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges; |
| RESOLVED: | that the Companies' execution and delivery of, and the performance of their obligations in connection with the Commitment Letter and in connection with the DIP Credit Agreement (including guarantees), are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, security agreements, guaranty agreements, certificates, instruments, agreements and intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, .pdf signature page, or printed as deemed necessary and preferable; |
| RESOLVED: | that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), pursuant to (i) a postpetition financing order on a final basis, and (ii) a cash collateral order on an interim and final basis, in each case, with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing and use of Cash Collateral, including providing for adequate protection to the secured parties under the First Lien Credit Agreement, dated as of May 23, 2018, by and among H-Food Holdings and Hearthside Bidco B.V. as borrowers, Goldman Sachs Lending Partners, LLC as administrative and collateral agent, and the lenders from time to time parties thereto (as amended by that certain First Incremental Amendment to Credit Agreement, dated as of November 25, 2018, that certain Second Incremental Amendment to Credit Agreement, dated as of June 10, 2020, that certain Third Amendment to Credit Agreement, dated as of November 15, 2021, that certain Fourth Amendment and Third Incremental Amendment to Credit Agreement, dated as of |

      December 29, 2021, that certain Fifth Amendment to Credit Agreement, dated as of June 12, 2023 and as further amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "First Lien Credit Agreement"), and that certain Second Lien Credit Agreement, dated as of November 25, 2018, by and among H-Food Holdings as borrower, Ares Capital Corporation as administrative agent and collateral agent, and the lenders from time to time parties thereto (as amended by that certain First Amendment to Second Lien Credit Agreement, dated as of June 23, 2024, and as further amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Second Lien Credit Agreement"), in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED:** that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement the other Financing Documents (as defined below) and (b) pledges of equity, (iii) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement and the Other Financing Documents from which the Companies will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory of the Companies is hereby authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Officer Special Committees, and such other agreements, guarantees, security documents, certificates, instruments, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve;

**RESOLVED:** that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations;

**RESOLVED:** that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and

6

|   |   |
|---|---|
| | documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents; |
| RESOLVED: | that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; |

<u>General Authorizations</u>

|   |   |
|---|---|
| RESOLVED: | that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; |
| RESOLVED: | that the Officer Special Committees received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, as applicable, or hereby waive any right to have received such notice; |
| RESOLVED: | that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Officer Special Committees; |
| RESOLVED: | that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein; |
| RESOLVED: | that that any actions taken by any Authorized Signatories (and their designees and delegates) prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Companies. |

*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Officer Special Committee of each of the Companies has executed this written consent as of the date first written above.

By:   *Carol Flaton* (DocuSigned by: 8CB5445128EE4AD...)
Name:   Carol Flaton
Title:   Special Officer

By:   _____
Name:   Patrick Bartels
Title:   Special Officer

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Officer Special Committee of each of the Companies has executed this written consent as of the date first written above.

By: _____
Name: Carol Flaton
Title: Special Officer

By: _____
DocuSigned by: 95ACF578458A4F8...
Name: Patrick Bartels
Title: Special Officer

*[Signature Page to Omnibus Written Consent]*